UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EMPLOYERS AND OPERATING ENGINEERS LOCAL 520 PENSION FUND, an employee benefit plan, and RONALD KAEMPFE, EUGENE KEELEY, PETE KORTE, RONALD JOHNSON, MICHAEL PARKINSON, and ROBERT K. GERMANN, in their representative capacities as Trustees of the Employers and Operating Engineers Local 520 Pension Fund, and EMPLOYERS AND OPERATING ENGINEERS LOCAL 520 HEALTH AND WELFARE FUND, and RONALD KAEMPFE, EUGENE KEELEY, RONALD JOHNSON, PETE KORTE, MICHAEL PARKINSON, and ROBERT K. GERMANN, in their representative capacities as Trustees of the Employers and Operating Engineers Local 520 Health and Welfare Fund, and OPERATING ENGINEERS LOCAL 520 JOINT APPRENTICESHIP AND TRAINING FUND, and EUGENE KEELEY, MICHAEL LUHR, MICHAEL PARKINSON, RONALD JOHNSON, MARK JOHNSON, and GARY THIEMS, in their representative capacities as Trustees of the Operating Engineers Local 520 Joint Apprenticeship and Training Fund, and EMPLOYERS AND OPERATING ENGINEERS LOCAL 520 VACATION FUND, and CHARLES MAHONEY, TIM KEELEY, RONALD JOHNSON, DAVID BAXMEYER, TERRY MACZURA and MARK JOHNSON, in their representative capacities as Trustees of the Employers and Operating Engineers Local 520 Vacation Fund, and OPERATING ENGINEERS LOCAL 520 ANNUITY TRUST FUND, and RONALD JOHNSON, HENRY ROHWEDDER, MICHAEL PARKINSON, KENNETH J. KILIAN, FRED W. HAIER, and RONALD KAEMPFE, in their representative capacities as Trustees of the Operating Engineers Local 520 Annuity Trust Fund, | Case No. 3:09-CV-219-GPM |
| Plaintiffs, | |
| vs. | |
| MONIGER EXCAVATING COMPANY, INC., an Illinois corporation, | |
| Defendant. | |

## **COMPLAINT**

Come now plaintiffs, by and through their attorneys, and for their cause of action against defendant state:

1. Plaintiff, Employers and Operating Engineers Local 520 Pension Fund, hereinafter referred to as "the Pension Fund", is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(1), (3), 1132 and 1145, providing pension benefits to covered employees of participating employers. Plaintiffs Ronald Kaempfe, Eugene Keeley, Ronald Johnson, Pete Korte, Michael Parkinson, and Robert K. Germann are the duly designated and acting Trustees of the Pension Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1002(21)(A) and 1132.

2. Plaintiff, Employers and Operating Engineers Local 520 Health and Welfare Fund, hereinafter referred to as "the Welfare Fund", is an employee benefit plan within the meaning of Sections 3(2)(A), (3), 502 and 515 of ERISA, 29 U.S.C. §§1002(2)(A), (3), 1132 and 1145, providing medical and hospitalization benefits to covered employees of participating employers. Plaintiffs Ronald Kaempfe, Eugene Keeley, Ronald Johnson, Pete Korte, Michael Parkinson, and Robert K. Germann are the duly designated and acting Trustees of the Welfare Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

3. Plaintiff, Operating Engineers Local 520 Joint Apprenticeship and Training Fund, hereinafter referred to as "the Apprenticeship Fund", is an employee benefit plan within the meaning of Sections 3(2)(A), (3), 502 and 515 of ERISA, 29 U.S.C. §§1002(2)(A), (3), 1132 and

1145, providing apprenticeship training to covered employees of participating employers. Plaintiffs Eugene Keeley, Michael Luhr, Michael Parkinson, Ronald Johnson, Mark Johnson and Gary Thiems are the duly designated and acting Trustees of the Apprenticeship Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

4. Plaintiff, Employers and Operating Engineers Local 520 Vacation Fund, hereinafter referred to as "the Vacation Fund", is an employee benefit plan within the meaning of Sections 3(2)(A), (3), 502 and 515 of ERISA, 29 U.S.C. §§1002(2)(A), (3), 1132 and 1145, providing vacation benefits to covered employees of participating employers. Plaintiffs Charles Mahoney, Tim Keeley, Terry MacZura, David Baxmeyer, Ronald Johnson and Mark Johnson are the duly designated and acting Trustees of the Vacation Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

5. Plaintiff, Operating Engineers Local 520 Annuity Trust Fund, hereinafter referred to as "the Annuity Fund", is an employee benefit plan within the meaning of Sections 3(2)(A), (3), 502 and 515 of ERISA, 29 U.S.C. §§1002(2)(A), (3), 1132 and 1145, providing pension annuity benefits to covered employees of participating employers. Plaintiffs Ronald Johnson, Michael Parkinson, Kenneth J. Kilian, Fred W. Haier, Henry Rohwedder, and Ronald Kaempfe are the duly designated and acting Trustees of the Annuity Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

6. Defendant Moniger Excavating Company, Inc. is an Illinois corporation in good standing.  Defendant is an employer in an industry affecting commerce within the meaning of

2

Sections 3(5), (11), (12), and 515 of ERISA, 29 U.S.C. §§1002(5), (11), (12) and 1145, and Sections 2(2), (6) and (7) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§152(2), (6) and (7).

7. The Court has jurisdiction by reason of Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), in that plaintiffs seek to enforce requirements of the employee benefit plans referenced in paragraphs 1 through 5, above, that employers who fail to pay their fringe benefit contributions to the plaintiff Funds when due must pay an additional ten percent (10%) of the contribution amount.

8. Defendant Moniger Excavating Company, Inc. at all times relevant was signatory to and bound by a collective bargaining agreement with Operating Engineers Local 520

9. Under the terms of the collective bargaining agreement, defendant has been and is obligated to make monthly reports on all covered employees in its employ, showing the number of hours worked, and to contribute on a monthly basis to the plaintiff Funds.

10. The collective bargaining agreement requires the payment of liquidated damages on contributions to the plaintiff Funds which are not paid within the time set forth in the collective bargaining agreement.

11. The Plans require that employers who fail to pay their fringe benefit contributions when due must pay an additional ten percent (10%).

12. Defendant has failed to pay its fringe benefit contributions when due for the following months:

| Month | Date Received | Liquidated Damages Owed |
|---|---|---|
| September 2007 | 1/08/08 | $1,013.00 |
| October 2007 | 1/01/08 | 3,430.79 |
| November 2007 | 2/03/08 | 2,597.79 |
| December 2007 | 2/03/08 | 1,393.83 |

3

| | | |
|---|---|---|
| February 2008 | 4/17/08 | 1,355.42 |
| March 2008 | 5/27/08 | 1,250.06 |
| April 2008 | 6/06/08 | 2,944.60 |
| May 2008 | 6/25/08 | 2,308.60 |
| July 2008 | 10/09/08 | 2,261.96 |
| August 2008 | 11/13/08 | 1,943.30 |
| September 2008 | 11/18/08 | 2,075.83 |
| October 2008 | 1/03/09 | 5,517.76 |
| November 2008 | 1/07/09 | 6,349.70 |
| December 2008 | 2/1/09 | <u>5,371.46</u> |
| | | $39,814.10 |

13. Demand has been made that defendant pay the above amounts, to no avail.

14. Under the terms of the collective bargaining agreement, defendant has been and is bound by the documents governing the plaintiff Funds.

15. The trust documents governing the plaintiff Funds require delinquent employers to pay the costs of collection, including attorneys' fees.

WHEREFORE, plaintiff prays this Court for the following relief:

(A) A judgment in the amount of $39,814.10 as liquidated damages on untimely contributions for the period of September 2007 through December 2008 as provided for by the Plans;

(B) A judgment for any additional liquidated damages which come due for periods subsequent to January 2009;

(C) An award of plaintiff's reasonable attorneys' fees;

(D) An award of plaintiff's costs; and

(E) Such other and further relief as the Court may deem just and proper.

4

        HAMMOND, SHINNERS, TURCOTTE,
        LARREW & YOUNG, P.C.
        7730 Carondelet, Suite 200
        St. Louis, Missouri 63105
        Phone: (314) 727-1015
        Fax:   (314) 727-6804


          /s/ Greg A. Campbell
        GREG A. CAMPBELL, #35381

        Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been electronically filed with the Clerk of the Court and copies have been mailed, by certified mail, return receipt requested, to the Secretary of Labor, United States Department of Labor, P. O. Box 1914, Washington, D.C. 20013 and to the Secretary of Treasury, United States Treasury, 15th and Pennsylvania Avenue, Washington, D.C. 20220 this 23rd day of March 2009.


          /s/ Greg A. Campbell