UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EMPLOYERS AND OPERATING ENGINEERS LOCAL 520 PENSION FUND, et al. ) ) ) Plaintiffs, ) ) vs. ) ) MONIGER EXCAVATING COMPANY, INC., ) ) Defendant. ) | Case No. 3:09-CV-219-GPM |

### AFFIDAVIT OF DAVID GLASTETTER

Comes now David Glastetter and states under oath:

1. I am Administrative Manager of the Employers and Operating Engineers Local 520 Health & Welfare, Pension, Vacation and Annuity Funds.

2. Moniger Excavating Company, Inc. is party to a collective bargaining agreement with Operating Engineers Local 520. A copy of this collective bargaining agreement is attached hereto as Exhibit 1. A copy of the signature page to this agreement is attached hereto as Exhibit 2.

3. The collective bargaining agreement requires employers to remit contributions to the Employers and Operating Engineers Local 520 Health & Welfare, Pension, Apprenticeship, Vacation and Annuity Funds, SICAP and Local 520 for each hour of covered work. See Articles 34, 35, 36 and 37, and Schedule A, of Exhibit 1.

4. The collective bargaining agreement requires employers to file monthly reports reflecting the hours worked and contributions owed. See Article 45 of Exhibit 1.

5. Article 45 of the collective bargaining agreement (Exhibit 1) provides in part as follows:

> The Employer agrees to file fringe benefit reports with the contributions due and owing as reflected by said reports on or before the tenth (10th) day of the month immediately

following the month for which the report is due. Failure to file such reports and make payments of contributions due and owing, or the willful filing of a false report shall cause the Employer to be delinquent and be subject to a monthly late charge of ten percent (10%) of the amount of contributions due, as well as interest at a rate to be established by the Trustees from date of delinquency, together with attorney fees and court costs and all other costs of collection, including but not limited to audit, accounting, clerical and travel expenses as may be incurred to collect such fringe benefit contributions.

6. Exhibit 3 hereto is a true and accurate copy of the Pension Plan of the Employers and Operating Engineers Local No. 520 Pension Fund.

7. Section 6.03 of Exhibit 3 provides as follows:

**Section 6.03.  Action of Trustees**

(a) The Trustees are given discretionary powers in the interpretation, application, determination and enforcement of the provisions of the Plan.

(b) The Trustees shall, subject to the requirements of the law, be the sole judges of the standard of proof required in any case and the application and interpretation of this Plan, and decisions of the Trustees shall be final and binding.

(c) All questions or controversies of whatsoever character arising in any manner or between any parties or persons in connection with this Plan or its operation, whether as to any claim for benefits, as to the construction of the language of this Plan or any rules and regulations adopted by the Trustees, or as to any writing, decision, instrument or account in connection with the operation of the Plan or otherwise, shall be submitted to the Board of Trustees for decision.  In the event a claim for benefits has been denied, no lawsuit or other action against the Fund or its Trustees may be filed until the matter has been submitted for review under the ERISA-mandated review procedure set forth in Section 6.04.  The decision on review shall be binding upon all persons dealing with the Plan or

          claiming any benefit hereunder, except to the extent that such decision may be determined to be arbitrary or capricious by a court or arbitrator having jurisdiction over such matter.

8. Section 10.01 of Exhibit 3 states:

      **Section 10.01. Delinquency in Contributions or Reports.**

      (a) A contribution report and payment must be submitted by each participating Employer to the Fund Office for each month, by not later than the tenth (10th) day of the following month.

      (b) A late penalty equal to 10% of the total contribution due is imposed for each delinquent report and/or monthly contribution payment.

      …

9. Exhibit 4 hereto is a true and accurate copy of the Rules and Regulations of the Employers and Operating Engineers Local No. 520 Health and Welfare Fund.

10. Article IV, Section 13 of Exhibit 4 states as follows:

      **Interpretation and Authority**

      The determination of the meaning, interpretation and application of the provisions of this Plan is the exclusive discretionary prerogative of the Trustees and shall be binding on Employees, Dependents, beneficiaries and all other person unless arbitrary and capricious.

11. Article IV, Section 21 of Exhibit 4 provides that:

      **Contribution Delinquency.**

      (A) A contribution report and payment must be submitted by each Contributing Employer to the Fund Office for each month, by not later than the tenth (10th) day of the following month.

      (B) A late penalty of 10% is imposed for the delinquent report and/or monthly contribution payments.

      …

3

12. Exhibit 4 is in the process of being revised. The new document has not yet been printed. However, the new document will contain provisions substantially identical to those set forth in paragraphs 10 and 11, above.

13. Exhibit 5 hereto is a true and accurate copy of the Agreement and Declaration of Trust Establishing the Operating Engineers Local 520 Annuity Trust Fund.

14. Article V, Section 3 of Exhibit 5 states that:

**Section 3. Construction of Trust.**

The Board of Trustees shall have the power to construe the provisions of this Agreement and Declaration of Trust and any Plan adopted hereunder and the terms used herein or in such Plan and any construction adopted by the Trustees in good faith shall be binding upon all parties hereto or concerned herewith, including the Local Unions, the Employees, and the Employers, provide, however, that any construction made, as aforesaid, shall not be in contravention of or inconsistent with any clearly expressed terms or provisions of this Trust Agreement or with existing collective bargaining agreements between the Employers and the Local Unions, or with any requirements of ERISA or other law.

15. Article III of Exhibit 5 provides in pertinent part:

…

The Trustees shall have the power to enforce, including through suit if advisable, the payment of all contributions due to the Trust by individual Employers. If any individual Employer defaults in the making of such payments, there shall be added to the obligation of the Employer who is in default, liquidation damages at the rate of 10% of the amount due, any auditing expenses, collection costs, attorneys' fees, court costs and other litigation expenses and all other reasonable expenses incurred by the Trustees in connection with such default. This provision shall be in addition to, and not limit, any power to enforce such payments given under any collective bargaining agreement.

In the event there is no provision covering penalties for failure to make required Contributions, or for late payment

>of Contributions due in the collective bargaining or other agreement under which Contributions are required to be made to the Fund, the Trustees are empowered to provide for reasonable penalties therefore collectible as part of the Contributions due.

16. Moniger Excavating has submitted its fringe benefit contributions in an untimely manner for the following months: September, October, November and December 2007 and February, March, April, May, July, August, September, October, November and December 2008. Exhibit 6 is a copy of Moniger Excavating's reports for those months. Each of the reports in Exhibit 6 contains the reporting month at the second line at the top of the form. The employer name and address appears at the bottom left. At the bottom right of the form, the date on which the employer prepared the form is recorded. Elsewhere on the form is a date stamp reflecting the date received by the Operating Engineers Local 520 benefit funds. For example, the first document in Exhibit 6 is the September 2007 report. Although it was due on or before October 10, 2007, it was completed on January 7, 2008 and was received on January 8, 2008. These documents reflect that Moniger Excavating owes the following liquidated damages:

| Month | Date Received | Liquidated Damages Owed |
|---|---|---|
| September 2007 | 1/08/08 | $1,013.00 |
| October 2007 | 1/07/08 | 3,430.79 |
| November 2007 | 2/07/08 | 2,597.79 |
| December 2007 | 2/03/08 | 1,393.83 |
| February 2008 | 4/17/08 | 1,355.42 |
| March 2008 | 5/24/08 | 1,250.06 |
| April 2008 | 6/06/08 | 2,944.60 |
| May 2008 | 6/25/08 | 2,308.60 |
| July 2008 | 10/15/08 | 2,261.96 |
| August 2008 | 11/20/08 | 1,943.30 |
| September 2008 | 11/18/08 | 2,075.83 |
| October 2008 | 12/30/08 | 5,517.76 |
| November 2008 | 1/07/09 | 6,349.70 |
| December 2008 | 2/03/09 | 5,371.46 |
| | | $39,814.10 |

17.     Although demand has been made, these amounts remain unpaid.

Further affiant sayeth not.

                                                                                             _____
DAVID GLASTETTER

Subscribed and sworn to before me, a Notary Public, this \_\_\_\_\_ day of _____ 2009.

                                    _____
Notary Public

Respectfully submitted,

HAMMOND AND SHINNERS, P.C.
7730 Carondelet, Suite 200
St. Louis, Missouri 63105
Phone: (314) 727-1015
Fax:   (314) 727-6804


    /s/ Greg A. Campbell
GREG A. CAMPBELL, #35381

Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing was served upon the following via operation of the Court's electronic filing system on this 21st day of July, 2009: John Gazzoli, Jr. and Theresa Phelps, 7733 Forsyth Blvd., 4th Floor, St. Louis, MO 63105.

                                                    /s/ Greg A. Campbell