UNITED STATES DISTRICT COURT
SOUTHERN DIRECIT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| EMPLOYERS AND OPERATING ENGINEERS LOCAL 520 PENSION FUND et al., ) ) Plaintiffs, ) ) vs. ) ) MONIGER EXCAVATING COMPANY, INC., ) ) Defendant. ) | Case No. 3:09-CV-219-GPM **JURY TRIAL DEMANDED** |

**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

COMES NOW Defendant, Moniger Excavating Company, Inc. ("Defendant" or "Moniger"), by its undersigned counsel, and for its Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint, state as follows:

**FACTS COMMON TO ALL COUNTS**

1. Paragraph 1 sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 1 and, therefore, denies the same.

2. Paragraph 2 sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 2 and, therefore, denies the same.

3. Paragraph 3 sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendant is without sufficient information or knowledge to

form a belief as to the truth of the allegations set forth in Paragraph 3 and, therefore, denies the same.

4. Paragraph 4 sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 4 and, therefore, denies the same.

5. Paragraph 5 sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 5 and, therefore, denies the same.

6. Paragraph 6 sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that it is an Illinois corporation in good standing and that Defendant employs certain individuals. Defendant denies the remaining allegations set forth in Paragraph 6.

## COUNT I

7. Paragraph 7 sets forth legal conclusions and argument to which no response is required. To the extent that a response is required, Defendant admits that Plaintiffs purport to invoke jurisdiction in this Court pursuant to 29 U.S.C. § 1132(a)(3). Defendant denies that this Court has jurisdiction under ERISA. Defendant denies the remaining allegations set forth in Paragraph 7.

8. Paragraph 8 sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that it signed a collective bargaining agreement with Operating Engineers Local 520. Further answering, Defendant states that the

agreement is the best evidence of the terms contained therein.  Defendant denies any remaining allegations set forth in Paragraph 8.

9.  Paragraph 9 sets forth legal conclusions to which no response is required.  To the extent that a response is required, Defendant states that the collective bargaining agreement is the best evidence of the terms contained therein.  Defendant denies the remaining allegations set forth in Paragraph 9.

10.  Paragraph 10 sets forth legal conclusions to which no response is required.  To the extent that a response is required, Defendant states that the collective bargaining agreement is the best evidence of the terms contained therein.  Defendant denies the remaining allegations set forth in Paragraph 10.

11.  Paragraph 11 sets forth legal conclusions to which no response is required.  To the extent that a response is required, Defendant states that the Plans' enforcement and collection provisions are unreasonable, unconscionable, and unenforceable in this action.  Defendant denies the remaining allegations set forth in Paragraph 11.

12.  Denied.  Defendant further denies that any "liquidated damages" are owed.

13.  Paragraph 13 sets forth argument to which no response is required.  To the extent that a response is required, Defendant admits that a demand has been made upon Defendant.  Defendant denies the remaining allegations set forth in Paragraph 13.  Defendant specifically denies that the demanded amount is due and/or owing to Plaintiffs.

14.  Paragraph 14 sets forth legal conclusions to which no response is required.  To the extent that a response is required, Defendant states that the collective bargaining agreement is the best evidence of the terms contained therein.  Defendant denies the remaining allegations set forth in Paragraph 14.

15. Paragraph 15 sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendant states that the enforcement and collection provisions of the trust documents governing the Plaintiff funds are unreasonable, unconscionable and unenforceable in this action. Defendant denies the remaining allegations set forth in Paragraph 15.

WHEREFORE, having fully answered Count I of Plaintiffs' Second Amended Complaint, Defendant Moniger Excavating Company, Inc. prays that this Court dismiss Plaintiffs' Second Amended Complaint with prejudice, award Defendant its attorneys' fees and costs incurred herein, and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT II

16. Paragraph 16 sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that Plaintiffs purport to invoke jurisdiction in this Court pursuant to Sections 502(a)(3), (ii) and 515 of ERISA, as amended, §§1133(a)(3)(ii) and 1145, and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185(a). Defendant denies the remaining allegations set forth in Paragraph 16.

17. Paragraph 17 sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that certain accountants performed an audit of Defendant's records for the period of January 1, 2002 through December 31, 2004. Defendant denies the remaining allegations set forth in Paragraph 17. Defendant specifically denies that the amount set forth in Exhibit A to the Second Amended Complaint is due and/or owing to Plaintiffs.

18. Defendant admits that it claims that it is not required to pay contributions for the hours reflected in Exhibit A to the Second Amended Complaint. Defendant denies the remaining allegations set forth in Paragraph 18.

19. Paragraph 19 sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendant states that the Court's opinion in *Employers and Operating Engineers Local 520 Pension Fund et al. v. Mason's Landscaping and Construction Services, Inc.* is the best evidence of the terms contained therein and that the Court's opinion either involved a contractual provision that is not applicable herein or involved an incomplete analysis of the contractual provision by ignoring the specific reference to "the attached Schedule A" of the contract. Defendant denies any remaining allegations set forth in Paragraph 19.

20. Paragraph 20 sets forth legal conclusions and argument to which no response is required. To the extent that a response is required, Defendant denies that this Court has jurisdiction pursuant to ERISA. Defendant further states that the enforcement and collection provisions of the collective bargaining agreements and trust agreements are unreasonable, unconscionable and unenforceable in this action. Defendant denies any remaining allegations set forth in Paragraph 20.

WHEREFORE, having fully answered Count II of Plaintiffs' Second Amended Complaint, Defendant Moniger Excavating Company, Inc. prays that this Court dismiss Plaintiffs' Second Amended Complaint with prejudice, award Defendant its attorneys' fees and costs incurred herein, and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT III

21.     Defendant restates and incorporates herein by reference its responses to paragraphs 16 through 20 above as if fully set forth herein.

22.     Defendant admits that certain accountants performed an audit of Defendant's records for the period of January 1, 2005 through December 31, 2007.  Defendant denies the remaining allegations set forth in Paragraph 22.  Defendant specifically denies that the amount set forth in Exhibit C to the Second Amended Complaint is due and/or owing to Plaintiffs.

WHEREFORE, having fully answered Count III of Plaintiffs' Second Amended Complaint, Defendant Moniger Excavating Company, Inc. prays that this Court dismiss Plaintiffs' Second Amended Complaint with prejudice, award Defendant its attorneys' fees and costs incurred herein, and for such other and further relief as this Court deems just and proper under the circumstances.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

1.     Plaintiffs' Complaint should be dismissed because it fails to state a claim upon which relief can be granted.  (Applicable to Counts I, II, and III).

2.     Plaintiffs' Complaint should be dismissed because this Court lacks jurisdiction over the subject matter of this action, which is an action under 29 U.S.C. § 1132(a)(3) to collect liquidated damages and other penalties in connection with late payments of benefit contributions made before the filing of this lawsuit.  (Applicable to Count I).

3.     Plaintiff's claims are pre-empted by 29 U.S.C. § 1132(g)(2).  (Applicable to Count I).

4. Plaintiff's claims are barred by the doctrine(s) of estoppel, waiver, and/or laches. (Applicable to Counts I, II, and III).

5. To the extent that Plaintiffs' claims depend upon interpretation of the provisions of a collective bargaining agreement, the dispute resolution provisions of the collective bargaining agreement must first be exhausted prior to the filing of this suit. (Applicable to Counts I, II, and III).

6. The provisions of the collective bargaining agreement, Plan documents and trust agreement upon which Plaintiffs claim to rely are unconscionable, unreasonable and represent contractual penalties that are unenforceable. (Applicable to Count I).

Defendant expressly reserves the right to amend its Answer to include any additional defenses which may become known through the course of this litigation.

WHEREFORE, having fully answered Plaintiffs' Second Amended Complaint, Defendant Moniger Excavating Company, Inc. prays that this Court dismiss Plaintiffs' Second Amended Complaint with prejudice, award Defendant its attorneys' fees and costs incurred herein, and for such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

**Rosenblum, Goldenhersh, Silverstein & Zafft, P.C.**

BY: /s/ Theresa A. Phelps
John J. Gazzoli, Jr.
Theresa A. Phelps
7733 Forsyth Boulevard, 4th Floor
St. Louis, MO 63105
(314) 726-6868 (telephone)
(314) 726-6786 (facsimile)
jjg@rgsz.com
tap@rgsz.com

*ATTORNEYS FOR DEFENDANT MONIGER EXCAVATING COMPANY, INC.*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon the following via operation of the Court's electronic filing system on this 1st day of October, 2009:

Greg A. Campbell
Hammond, Shinners, Turcotte, Larrew & Young, P.C.
7730 Carondelet, Suite 200
St. Louis, MO 63105

/s/ Theresa A. Phelps