UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EMPLOYERS AND OPERATING ENGINEERS LOCAL 520 PENSION FUND, et al. | )<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) Case No. 3:09-CV-219-GPM<br>)<br>) |
| MONIGER EXCAVATING COMPANY, INC., | )<br>) |
| Defendant. | ) |

**MOTION TO STRIKE JURY TRIAL DEMAND AS TO COUNT I**

Come now plaintiffs pursuant to F.R.C.P. 12(f) and move to strike defendant's jury trial demand as to Count I. In its Answer to the Second Amended Complaint, defendant demands a jury trial. However, because a jury is not appropriate for Count I, its demand must be stricken.

Count I of the Second Amended Complaint seeks liquidated damages on delinquent ERISA contributions which were paid before plaintiffs filed suit. The right to collect liquidated damages in this situation has been upheld by the Seventh Circuit in <u>Operating Engineers Local 139 Health Benefit Fund v. Gustafson Construction Corporation,</u> 258 F.3d 645 (7th Cir. 2001). <u>Gustafson</u> held that the ERISA remedial provision, 29 U.S.C. § 1132(g)(2), does not apply in an action to collect liquidated damages in the situation where the underlying contributions were paid before suit was filed. <u>Id.</u> at 654-55. However, in this situation, an ERISA fund may file a common law claim to enforce the liquidated damages provision of the ERISA plan. <u>Id.</u> at 654-55.

In its Rule 56(f) Motion, defendant observed <u>Gustafson</u> acknowledged the possibility that the decision of ERISA trustees to enforce a liquidated damages provision in the plan document may be subject to an arbitrary and capricious standard. <u>Id.</u> at 655.

Assuming <u>arguendo</u> that the trustees' actions are subject to an arbitrary and capricious

review, jury trials are inappropriate in cases which involve an application of this standard. See, e.g., Wardle v. Central States Pension Fund, 627 F.2d 820, 830 (7th Cir. 1980), cert. denied, 449 U.S. 1112 (1981) ("[A]pplication of the arbitrary and capricious standard has traditionally been done by judges."); Berry v. Ciba-Geigy Corp., 761 F.2d 1003, 1006-07 (4th Cir. 1985) (whether arbitrary and capricious standard has been violated is a question of law for the court, not one of fact for a jury).[1]

Consistent with this principle, courts have ruled on whether a liquidated damages provision was enforceable via dispositive motion. See, e.g. United Order of American Bricklayers and Stone Masons Union No. 21 v. Thorleif Larsen & Son, Inc., 519 F.2d 331, 338 (7th Cir. 1975) (finding 10% provision enforceable).

WHEREFORE, plaintiffs respectfully request that defendant's demand for jury trial be stricken with regard to Count I of the Second Amended Complaint.

---

[1] Wardle and Berry are ERISA denial of benefit cases. Subsequent to these cases, the Supreme Court changed the denial of benefits review standard from arbitrary and capricious to de novo in the situation where the administrator has not been delegated discretion. Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). That being said, this does not affect the general rule that juries should not decide matters under an arbitrary and capricious standard.

Respectfully submitted,

HAMMOND AND SHINNERS, P.C.
7730 Carondelet, Suite 200
St. Louis, Missouri 63105
Phone: (314) 727-1015
Fax:   (314) 727-6804


　　　　/s/ Greg A. Campbell　　　　
GREG A. CAMPBELL, #35381

Attorneys for Plaintiffs


**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the foregoing was served upon the following via operation of the Court's electronic filing system on October 19, 2009:  John Gazzoli, Jr. and Theresa Phelps, 7700 Bonhomme, Suite 375, St. Louis, MO  63105.


　　　　/s/ Greg A. Campbell