UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| EMPLOYERS AND OPERATING ENGINEERS LOCAL 520 PENSION FUND et al., ) ) ) Plaintiffs, ) ) vs. ) ) MONIGER EXCAVATING COMPANY, INC., ) ) Defendant. ) | Case No. 3:09-CV-219-GPM |

**DEFENDANT'S RENEWED RESPONSE AND OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE JURY DEMAND AS TO COUNT I**

**I.    INTRODUCTION**

Plaintiffs' Motion to Strike Jury Demand as to Count I (Doc. No. 53) is a gross oversimplification and inaccurate analysis of Defendant's right to a jury trial with respect to Plaintiffs' claim as set forth in Count I of the Second Amended Complaint. There is no dispute that Plaintiffs' Count I is *not* brought under ERISA. Rather, Count I is essentially a breach of contract claim arising out of a collective bargaining agreement executed by Defendant and the International Union of Operating Engineers Local 520 ("the Union"), which purports to incorporate certain terms of benefit funds' trust agreements. Because breach of contract actions were traditionally considered legal claims to be tried in courts of law, Defendant is entitled to a jury trial with respect to Plaintiffs' Count I.

Additionally, Count I (and Defendant's defenses thereto) raises a number of factual issues in addition to whether Plaintiffs' actions were "arbitrary and capricious." Defendant is entitled to submit these issues to a jury for determination, irrespective of who (*i.e.,* the Court or the jury) is to determine the issue of whether Plaintiffs' actions were "arbitrary and capricious."

Simply put, Plaintiffs have not offered any justification for striking Defendant's timely and proper jury demand herein. For all of these reasons, the Court should deny Plaintiffs' Motion to Strike Jury Demand as to Count I (Doc. No. 53).

## II. ARGUMENT

### A. Plaintiffs' claim in Count I is not brought under ERISA and is essentially a breach of contract claim to which there is a right to a jury trial.

Count I of Plaintiffs' complaint seeks to recover liquidated damages as a result of certain contribution payments which were allegedly delinquent, but which were paid before Plaintiffs brought this suit. While Plaintiffs' Second Amended Complaint suggests that Plaintiffs' claim in Count I arises under ERISA, there is no dispute that Plaintiffs cannot recover liquidated damages under ERISA where the delinquent payments were made prior to the filing of suit. *See Operating Engineers Local 139 Health Benefit Fund v. Gustafson Constr. Corp.*, 258 F.3d 645, 654 (7th Cir. 2001); *see also Idaho Plumbers and Pipefitters Health & Welfare Fund v. United Mechanical Contractors, Inc.*, 875 F.2d 212, 215 (9th Cir. 1989)(collecting cases).

In *Gustafson*, the Seventh Circuit recognized that the plaintiff pension and welfare funds could not recover liquidated damages or interest under ERISA because the contributions (although late) had been paid as of the date of the suit. 258 F.3d at 654. The Court went on to state: "[s]ome of the late contributions the defendant finally paid before the suit was brought but their lateness *violated the terms of the plan*, thus entitling the fund *to enforce the plan's provisions* imposing interest and liquidated damages on delinquent contributions." *Id*. (emphasis added). Such a claim, according to the court, arose under common law. *Id*. at 655. In other words, the *Gustafson* court recognized that while the funds did not have a claim for liquidated damages and interest under ERISA, the funds may be able to recover these alleged damages under a common law claim for breach of the plan (*i.e.,* breach of contract).

2

In this case, Plaintiffs do not seek to recover unpaid contributions. Plaintiffs allege that certain contribution payments by Defendant were late; however, those payments were made before this suit was brought. Plaintiffs, though, seek to recover liquidated damages, interest, and attorneys' fees, based upon these allegedly late contribution payments. Apparently acknowledging *Gustafson*'s prohibition on recovery of liquidated damages and interest under ERISA for delinquent contributions paid before the date of suit, Plaintiffs maintain their right to recover liquidated damages and interest under Count I based upon the purported common law right enunciated in *Gustafson*. Thus, Plaintiffs' Count I is essentially a common law breach of contract claim to recover liquidated damages, interest, and attorneys' fees under the collective bargaining agreement executed by Moniger and the Union.

In *Bugher v. Feightner*, 722 F.2d 1356 (7th Cir. 1982), the plaintiff trustees of certain union trust funds brought suit against an employer seeking delinquent contributions and liquidated damages allegedly due as a result of a collective bargaining agreement. *Id*. at 1357. The claims were brought under ERISA's 29 U.S.C. § 1132, and the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). *Id*. The Seventh Circuit noted that the Seventh Amendment applies to actions enforcing statutory rights and requires a jury trial upon demand if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law. *Id*. (citing *Curtis v. Loether*, 415 U.S. 189 (1974)). The court then found that the plaintiffs' LMRA claim for delinquent contributions allegedly due under a collective bargaining agreement was essentially a breach of contract claim. *Id*. at 1358. Because suits for breach of contract were traditionally actions at law triable by jury, the court concluded that the plaintiff funds' claims were likewise triable by jury. *Id*.

This Court also addressed a factually-similar case. In *Illinois State Painters Welfare Fund v. Brummet*, No. 03-cv-226-DRH, 2006 U.S. Dist. LEXIS 2187 (S.D. Ill. Jan. 11, 2006), the plaintiff funds sought to recover from the employer defendants for failure to submit pension fund contribution payments pursuant to their obligations under a collective bargaining agreement. *Id.*, at *2. The plaintiff funds moved to strike the defendants' jury demand, maintaining that their claims were brought pursuant to ERISA's 29 U.S.C. § 1132(a)(3). *Id.*, at *2-3. Applying the Seventh Circuit's decision in *Bugher*, though, the Court found that plaintiffs' claims were essentially claims for breach of contract, which gave rise to the right to demand a trial by jury. *Id.*, at *7.

Here, like *Bugher* and *Brummet*, regardless of Plaintiffs' characterization of their claim,[1] Plaintiffs' Count I is a claim for breach of the collective bargaining agreement executed by Defendant and the Union and the related plan documents. Claims for breach of contract have traditionally been characterized as legal claims to which a right to trial by jury attaches. *See Bugher*, 722 F.2d at 1358; *Brummet*, 2006 U.S. Dist. LEXIS 2187, at *6. Thus, Defendant herein is entitled to a trial by jury with respect to Plaintiffs' Count I. *See also Brown v. Sandimo Materials,* 250 F.3d 120, 126 (2d Cir. 2000)(ERISA claim for collection of delinquent benefit contributions allegedly owed under a collective bargaining agreement was essentially a claim for breach of contract, which gave rise to a right to trial by jury); *Oregon Laborers-Employers Trust Funds v. Pacific Fence & Wire Co.*, 726 F. Supp. 786, 787 (D. Ore. 1989)(finding right to trial by jury in an action brought under ERISA against an employer to collect fringe benefit contributions); *Sheet Metal Workers Local 19 v. Keystone Heating & Air Conditioning*, 934 F.2d

---

[1] The Seventh Circuit has made clear that the form of the plaintiffs' complaint does not control the characterization of an action as either equitable or legal. *See Bugher*, 722 F.2d at 1360.

35, 39-40 (3d Cir. 1991)(right to trial by jury existed for claims to collect delinquent contributions, liquidated damages, and attorneys' fees under ERISA).

In finding that a defendant was entitled to a trial by jury with respect to a claim for recovery of unpaid benefit contributions allegedly due under a collective bargaining agreement, the court in *Brown v. Sandimo Materials,* 250 F.3d 120 (2d Cir. 2000) stated:

> [m]aintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care.

*Id.* at 127 (internal quotations omitted)(citing *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 501 (1959)). In this case, Plaintiffs have offered no justification or basis for striking Defendant's jury demand with respect to Count I of the Second Amended Petition. Defendant is clearly entitled to a jury trial with respect to that claim. Accordingly, Plaintiffs' Motion to Strike Jury Demand as to Count I (Doc. No. 53) should be denied.

### B. Whether Plaintiffs' actions were arbitrary or capricious is not the sole issue with respect to Plaintiffs' claims under Count I.

Plaintiffs' Motion to Strike Jury Demand suggests that the only issue with respect to Count I is whether Plaintiffs acted arbitrary and capricious. Plaintiffs rely upon *Wardle v. Central States Pension Fund*, 627 F.2d 820 (7th Cir. 1980) and *Berry v. Ciba-Geigy Corp.*, 761 F.2d 1003 (4th Cir. 1985) in support of their Motion to Strike, claiming that because there is an issue as to whether Plaintiffs' actions were arbitrary and capricious, Defendant is not entitled to a jury trial.

Plaintiffs' claim as set forth in Count I involves many more issues that simply whether Plaintiffs' conduct was "arbitrary or capricious." Defendant has asserted that Plaintiffs' actions in pursuing liquidated damages from Defendant herein were arbitrary and capricious (*i.e.,* that Plaintiffs' enforcement of the liquidated damages provision of the collective bargaining

5

agreement and plan documents was selective and discriminatory) and that the method by which Plaintiffs are calculating liquidated damages herein is both unreasonable and unconscionable. (Doc. No. 26, p. 2). These issues, which implicate interpretation and application of the collective bargaining agreement, are not the same as the "arbitrary and capricious" issues raised in *Wardle* and *Berry* regarding a plan administrator's decision to deny benefits to a plan participant/beneficiary. Accordingly, *Wardle* and *Berry* are inapplicable.

Further, Defendant has raised a number of issues and defenses with respect to Count I in addition to the issue of whether Plaintiffs' actions were "arbitrary and capricious," including the issues of estoppel and waiver, which are traditionally issues of fact for determination by a jury. *See, e.g., Berman v. The Palatine Ins. Co., Ltd.*, 379 F.2d 371, 372 (7th Cir. 1967)(issues of waiver and estoppel are issues of fact); *Apponi v. Sunshine Biscuits, Inc.*, 652 F.2d 643, 651 n. 12 (6th Cir. 1980)(noting "issues as to waiver or estoppel are classic examples of disputed questions of fact which are amendable to decision by a jury."); *Household Fin. Servs., Inc. v. Coastal Mortgage Servs., Inc.*, 152 F. Supp. 2d 1015, 1025 (N.D. Ill. 2001)(estoppel is an issue of fact to be determined at trial). Defendant has also asserted defenses based upon the reasonableness and unconscionabilty of the collective bargaining agreement and plan documents. (Doc. No. 23).

In addition, in order to prevail on Plaintiffs' Count I breach of contract claim, in addition to proving their damages, Plaintiffs must establish the terms of the contract, that Defendant breached the contract, and that the alleged breach caused Plaintiffs damages. These are all issues that must be submitted to the jury for determination.

Contrary to Plaintiffs' suggestions, Count I involves many more factual issues than simply whether Plaintiffs' actions were arbitrary and capricious. These issues must be submitted to a jury, and *Wardle* and *Berry* do not compel a different conclusion.

6

Furthermore, *Wardle* and *Berry* both involved claims brought <u>under ERISA</u> by plan participants/beneficiaries arising out of a plan administrator's denial of benefits. Here, Plaintiffs' Count I is clearly *not* brought under ERISA. *See* section II.A above.

Additionally, claims brought by plan participants/beneficiaries for wrongful denial of plan benefits clearly involve discretion on the part of the plan administrator and arise out of traditional trust principles with respect to fiduciary duties. In finding a right to a trial by jury with respect to claims brought by a group of pension funds against an employer to recover delinquent contributions allegedly owed under a collective bargaining agreement, the *Bugher* court specifically found *Wardle* inapplicable because *Wardle* involved a claim <u>by a beneficiary for denial of benefits by a union plan</u>. *Id*. at 1360. The court reasoned that such claims were traditionally equitable in nature and involved a different historical background than the *Bugher* plaintiffs' claims to recover delinquent contributions allegedly due under a collective bargaining agreement. *Id*.;[2] *see also Oregon Laborers-Employers Trust Funds v. Pac. Fence & Wire Co.*, 726 F. Supp. at 787 (recognizing a distinction between employee benefit claims brought under ERISA, to which there is no right to a jury trial, and employer contribution claims, to which there is a right to a jury trial). Thus, the Seventh Circuit itself refused to apply *Wardle* with respect to claims brought by fiduciaries of a benefit plan to collect delinquent contributions and liquidated damages allegedly due under a collective bargaining agreement. This is precisely the

---

[2] In a concurring opinion, Justice Wood commented:

> [t]he instant case, in contrast, involves trustees suing an employer on his contractual obligations to the trust. No clear historical pattern of equitable treatment exists for this type of suit, which is not so permeated with the traditionally equitable nature of trusts as is a beneficiary's suit against the trustees. Further, the judicial role in such cases is not limited to review of the trustees' actions under the arbitrary and capricious standard, but is the same as in any contract action . . . . Thus, while *Wardle* assumed that equitable actions may be brought under § 502(a)(3), our discussion of the inherently equitable nature of suits by beneficiaries against fiduciaries did not extend to suits by fiduciaries against employers, and we did not eliminate the prerequisite that suits under § 502(a)(3) be genuinely equitable.

*Id*. at 1362.

type of claim brought by Plaintiffs herein in Count I. This Court should likewise refuse to apply *Wardle* to this case so as to defeat Defendant's right to a trial by jury.

Moreover, *Wardle* and *Berry* have been highly criticized, disapproved, and questioned by courts across the nation. Thus, their continued viability is questionable at best.

### C. Even if Plaintiffs' Count I involves both legal and equitable issues, Defendant is still entitled to a jury trial with respect to Count I.

Finally, even if the issue of whether Plaintiffs' conduct was "arbitrary and capricious" was an issue for the Court, rather than the jury, to decide, the fact remains that there are still issues of fact that are to be resolved by the jury. The jury must decide those issues (including any common issues among the issues to be tried by the jury and the issues to be tried by the Court). *See Bugher*, 722 F.2d 1356 (noting that whether plaintiffs' complaint was for solely a legal claim or a mixture of legal and equitable claims, the defendant was entitled to a jury trial on the legal issues); *Brown,* 250 F.3d at 127; *Senn v. AMCA Int'l,* Civil Action No. 87-C-1353, 1989 U.S. Dist. LEXIS 19017, *33 (E.D. Wis. May 9, 1989)("The mixture of legal and equitable claims does not nullify the plaintiffs' jury demand.").

### III. CONCLUSION

For all of the foregoing reasons, this Court should deny Plaintiff's Motion to Strike Jury Demand as to Count I (Doc. No. 53).

Respectfully submitted,

**Rosenblum, Goldenhersh, Silverstein & Zafft, P.C.**

BY: /s/ John J. Gazzoli, Jr
John J. Gazzoli, Jr.
Theresa A. Phelps
7733 Forsyth Boulevard, 4th Floor
St. Louis, MO 63105
(314) 726-6868 (telephone)
(314) 726-6786 (facsimile)

jjg@rgsz.com
tap@rgsz.com

*ATTORNEYS FOR DEFENDANT MONIGER EXCAVATING COMPANY, INC.*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon the following via operation of the Court's electronic filing system on this 22nd day of October, 2009:

Greg A. Campbell
Hammond, Shinners, Turcotte, Larrew & Young, P.C.
7730 Carondelet, Suite 200
St. Louis, MO 63105

/s/  John J. Gazzoli, Jr.