UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EMPLOYERS AND OPERATING ENGINEERS LOCAL 520 PENSION FUND, et al. | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 3:09-cv-219-GPM |
| vs. | ) ) | |
| MONIGER EXCAVATING COMPANY, INC., an Illinois corporation, | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE JURY DEMAND**

Count I of the Second Amended Complaint seeks liquidated damages on delinquent fringe benefit contributions which were subsequently paid before plaintiffs filed suit. Plaintiffs have moved to strike defendant's jury trial demand with regard to Count I because plaintiffs' conduct is subject to an arbitrary and capricious standard, which is a judicial determination. In its Response, Defendant argues that it is entitled to a jury on Count I for three reasons: (1) Count I is essentially a breach of contract claim, (2) Count I involves other issues than whether plaintiffs acted in an arbitrary and capricious manner, and (3) even if the application of the arbitrary and capricious standard is a judicial question, the surrounding factual issues require a jury determination. Defendant's Response erroneously characterizes Count I as a breach of contract action, as opposed to a claim under the common law of ERISA. As such, each of defendant's arguments must fail.

**I.      Count I is a Claim under ERISA Common Law, not a Breach of Contract Suit**

It is undisputed that Count I is not based on the remedial provisions of ERISA, but instead in federal common law. Its common law nature aside, defendant attempts to characterize Count I as a § 301 action for breach of a collective bargaining agreement. Indeed, defendant

claims that Count I is "essentially a common law breach of contract claim to recover liquidated damages, interest, and attorney's fees under the collective bargaining agreement executed by Moniger and the Union." [Doc. 54 at 3].

The common law claim announced in Gustafson is not an action to enforce the collective bargaining agreement, but instead an ERISA common law claim to enforce the terms of the plan. Gustafson makes this point clear: "Some of the late contributions the defendant finally paid before the suit was brought, but their lateness violated the terms of the plan, thus entitling the fund to enforce the plan's provisions imposing interest and liquidated damages on delinquent contributions." Operating Engineers Local 139 Health Benefit Fund v. Gustafson Construction Corporation, 258 F.3d 645, 654 (7th Cir. 2001) (emphasis added). Additionally, Gustafson noted that claims such as Count I "must be adjudicated under common law-but federal common law, which governs the interpretation of ERISA plans." Id. at 655. Therefore defendant is not entitled to a jury trial because Count I is not a § 301 action for breach of the collective bargaining agreement.

Defendant also argues that it is entitled to a jury trial on Count I, citing cases holding that a jury trial is warranted in typical ERISA delinquency suits. See Bugher v. Feightner, 722 F.2d 1356 (7th Cir. 1983) and Illinois State Painters Welfare Fund v. Brummet, 2006 WL 83465 (S.D. Ill. 2006). However, Count I is not a typical ERISA delinquency claim. Instead, it is a federal common law action to enforce the plan liquidated damages provision pursuant to Gustafson. Neither Bugher nor Brummet was an action for liquidated damages where the underlying contributions were paid before suit was filed.

The key difference between Count I and a typical ERISA delinquency case is the applicability of the arbitrary and capricious standard. Indeed, in Gustafson, the Seventh Circuit

acknowledged that the decision of ERISA trustees to enforce a liquidated damages provision in the plan document may be subject to an arbitrary and capricious standard.  Id. at 655. Application of this standard is performed by judges, not juries.  See, e.g., Wardle v. Central States Pension Fund, 627 F.2d 820, 830 (7th Cir. 1980), cert. denied, 449 U.S. 1112 (1981); Berry v. Ciba-Geigy Corp., 761 F.2d 1003, 1006-07 (4th Cir. 1985).

**II.      Defendant's Other Arguments do not Alter the Fact that Count I is Subject to the Arbitrary and Capricious Standard**

However, to avoid the conclusion that Count I does not present a question for a jury, defendant argues that Count I involves issues other than whether plaintiffs' pursuit of liquidated damages was arbitrary and capricious.  These purported other issues include:  (1) whether the method of calculating the liquidated damages is unreasonable and unconscionable and (2) whether estoppel and waiver apply.

However, defendant's arguments fail because they are simply re-framings of the arbitrary and capricious limitation on trustees' conduct.   Indeed, Gustafson explicitly made this connection with regard to the issue of unconscionability:

> The federal common law of ERISA may include a concept of unconscionability that would entitle an employer to complain if a fund's trustees used the power delegated to it by the plan to establish a completely exorbitant interest rate on delinquent contributions. No case says that, but it may be encompassed by the principle that the trustees are not to act in an arbitrary and capricious manner.

Id. at 655 (emphasis added).

Even assuming arguendo that estoppel and waiver are separable from the issue of whether plaintiffs acted in an arbitrary and capricious manner, there is no certainty that estoppel and waiver even apply to an ERISA common law matter in these circumstances.  The Seventh Circuit has not decided whether ERISA common law estoppel claims apply outside the specific situation of an underfunded single-employer welfare plan.  See Coker v. Trans World Airlines,

Inc., 165 F.3d 579, 585 (7th Cir. 1999).  Other circuits have held that waiver and estoppel are not

part of the ERISA common law.  See, e.g., Gagliano v. Reliance Standard Life Ins. Co., 547 F.3d

230, 238 (4th Cir. 2008) ("Nor can White rely on the federal common law under ERISA, which

does not incorporate the principles of waiver and estoppel."); Miller v. Coastal Corp., 978 F.2d

622, 624 (10th Cir. 1992).  Therefore, waiver and estoppel may be wholly inapplicable to Count

I, which is based in the common law of ERISA.

### III.    The Arbitrary and Capricious Standard Precludes a Jury Trial, Even if Disputed Facts Exist

Any limitation on plaintiffs' ability to collect pre-suit liquidated damages under Count I

is subject to the arbitrary and capricious standard, which is an issue for the Court to decide.

Defendant argues that even if this is the case, the presence of allegedly disputed facts (such as

whether defendant is bound by the collective bargaining agreement and plan documents) requires

a jury determination.  When the underlying claim is necessarily decided by the Court, the mere

existence of disputed facts does not warrant a jury trial.  See, e.g., Alexander v. Primerica

Holdings, Inc., 819 F.Supp. 1296, 1309 n.15 (D. N.J. 1993).

For all these reasons, plaintiffs respectfully request that their Motion to Strike Jury

Demand as to Count I be granted.

Respectfully submitted,

HAMMOND and SHINNERS, P.C.
7730 Carondelet, Suite 200
St. Louis, Missouri 63105
Phone: (314) 727-1015
Fax:   (314) 727-6804


      /s/ Greg A. Campbell
GREG A. CAMPBELL, #35381

Attorneys for Plaintiffs


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon the following via operation of the Court's electronic filing system on October 22, 2009: John Gazzoli, Jr. and Theresa Phelps, 7700 Bonhomme, Suite 375, St. Louis, MO 63105.

      /s/ Greg A. Campbell